## UNITED STATES DISTRICT COURT
### Eastern District of Michigan

| | |
|---|---|
| Ah'Nice Nekol-Andrea' of the Battle family, United States of America,<br>(Wo)man; Claimant,<br><br>V.<br>Alex McNulty #<br>Gregory D. Demopoulos P<br>James A. Plakas,<br>Michael J. Gerou (29th District Court, in his personal and official capacity),<br>Canton Township Police Department,<br>Canton Township<br>35th District Court,<br>Related Case No(s):<br><br>Case No.:<br>Jury Trial Demanded | Claim of Damages for the Trespass:<br><br>Administering Property without Right<br><br>Trespass pursuant to: 42 USC 1983<br>Administrative Procedure Act (1946)<br>Privacy Act 5 USC 551-552<br><br>Bill of Rights: Article(s) The First, Third, Fourth, Fifth, Eighth, and Tenth<br>(VERIFIED) Hearing demanded<br><br>Case: 2:24-cv-13475<br>Assigned To : Cox, Sean F.<br>Referral Judge: Altman, Kimberly G.<br>Assign. Date : 12/30/2024<br>Description: CMP NEKOL-ANDREA V. MCNULTY ET AL (NA) |

The Battle Court presents notice:

### Claim for relief/ and restitution

I, a living soul, a woman, on the land of Michigan Republic; Ah'Nice: hereinafter I/Claimant; move this court to enter an order of injunction:

1. Man, woman, or person named above as Respondent(s) trespass upon my property and liberties under color of law;
2. The underlying cause of this trespass is the Respondents' deprivation of Claimant's rights under the color of law, including the unauthorized administration of property, namely, claimant's personal liberty and freedom from unlawful detention resulting in damages of $6,825,600;
3. The trespass did and does cause injury to my right to liberty/pursue happiness and protect my freedoms;
4. Trespass began on September thirtieth two thousand twenty four, continues still today December twelfth two thousand twenty four;
5. I require an injunctive relief/restitution for the initial and continual trespass upon my liberties and freedoms

I say here and will verify in open court that all herein be true.

By Battle, Ah Nice   10-20-24

By: Battle, AhNice

The Battle Court presents notice:

ORDER

Battle, AhNice liberties and freedoms are restored, and she is granted compensatory damages in the amount of $6,825,600 for the trespass, and constitutional violations.

_____

Seal

**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**Nature of the Action**
This is a civil action brought under 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's constitutional rights under the Article of the Third, Fourth, Fifth, Eighth, Ninth, and Tenth Amendments of the United States Constitution. The Claimantseeks damages and equitable relief for the actions of Respondent McNulty, Gerou, Plakas, whose conduct resulted in false arrest, assault and battery, unlawful detainment, deprivation of liberty and pursuit of happiness, and violations of Claimant's due process rights. The complaint also challenges the lack of personal/subject-matter jurisdiction by the court, which compounded the harms suffered by the Claimant.

The Claimant asserts the constitutional right to travel freely as a fundamental liberty protected under the Constitution, specifically recognized in Shapiro v. Thompson, 394 U.S. 618 (1969).

Jurisdiction and Venue
1. This Court has **federal question jurisdiction** over this action under **28 U.S.C. § 1331** because Claimant asserts claims arising under the **Third, Fourth, Fifth, Eighth and Tenth Amendments** to the United States Constitution, and under **42 U.S.C. § 1983**, which provides a cause of action for violations of constitutional rights by persons acting under color of state law.
2. This Court also has jurisdiction under **28 U.S.C. § 1343(a)(3)**, which provides jurisdiction to address civil rights violations.

**Parties**
1. Claimant:The AHNICE BATTLE ESTATE, by AhNice Battle, Executor, sojourning and domiciled in Michigan; hereinafter I/Claimant.
2. Respondent 1: Alex McNulty; hereinafter "McNulty", an officer of the Canton Township Police Department, sued in his individual and official capacity.
3. Respondent 2: James A. Plakas; hereinafter "Plakas", a judge in the 29th District Court, sued in his individual and official capacity.
4. Respondent 3. Michael J. Gerou; hereinafter "Gerou" a judge in the 35th district court, sued in his individual and official capacity
4. Respondent 3: Canton Township Police Department, a municipal conducting business in the STATE OF MICHIGAN; hereinafter "CPD"
5. Respondent 4: 35th District Court, a municipal conducting business in the STATE OF MICHIGAN; hereinafter "inferior court"

**Facts of the Case**

I, AhNice; living soul; a private woman; now make it known to all interested parties;

At all times relevant to this case, the trespassers act as or on behalf of Debt Collectors. Where one is mentioned as styled in this case, [28 U.S.C. 3002(6) debt collector as including "any officer or employe of the United States" who is engaged in collection of debts owed to the United States, 31 USC 3711(a) authorizes the Department of Justice to collect debts owed to the United States including those related to fines, penalties, and forfeitures. Emphasis Added]

At all times relevant to this case; I; woman; Claimant; was unlawfully, unjustly, and unrighteously imprisoned and removed from her possessions.

1. There is no contractual relationship between Alex McNulty; hereinafter "McNulty", Gregory D. Demopoulos; hereinafter "Demopoulos", Michael J. Gerou; hereinafter "Gerou", Plakas.
2. Claimant has never given consent to sue
3. On or about 09/30/2024, Claimantwas lawfully traveling in her private automobile, exercising her constitutionally protected right (liberty) to travel, which is fundamental and not subject to unnecessary state interference (Shapiro v. Thompson, 394 U.S. 618 (1969)).
4. Respondent McNulty stopped Claimant Without probable cause, despite Claimant Informing the officer that her travel was constitutionally protected and that they are interfering/trespassing with her right to freedom of movement (travel).
5. After about 15-30 minutes the officer ignored this and arrested Claimant for a traffic violation, despite no injury, standing, or valid cause of action (Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)).
6. Claimant Challenged the subject-matter jurisdiction of the court during her arraignment, as the traffic ticket did not constitute a valid complaint or injury sufficient to establish jurisdiction. However, Gerou ignored Plaintiff's challenge and spoke on behalf of the plaintiff, further violating due process (Goldberg v. Kelly, 397 U.S. 254 (1970)).
7. Claimant also challenged due process, being never served anything, Gerou ignored those claims
8. When Claimant was addressing her right to travel, and bringing up Saprino case, the Gerou asked claimant what would be like to happen, where claimant described that the Judge protect her constitutional rights, and uphold his oath to the constitution "So help me God" and Gerou ignored again.
9. Gerou was assisting on behalf of the CPD when addressing me on 09/30/2024, to the point I was not aware that the officer standing in the room with us was actually the plaintiff.
10. Gerou was acting as an accuser all while practicing law from the bench, not awarding me a fair hearing, being the plaintiff NEVER spoke, until Gerou asked maybe a "bond amount" [uncertain, but some price of something], in which the officer standing on the wall answered.
11. Respondent Gerou imposed a $300 bail for each charge totaling around a $900 bail, where the claimant informed that Gerou, that would be excessive, being not convicted of a crime, the plaintiff lacking subject matter/personal jurisdiction, lack of due process, and remaining innocent to proven guilty, as placing a bond on her persons would constitute some form of guilt by assumption, implied charges. Informing Gerou to place an excessive bail without addressing the jurisdictional challenge would be unconstitutional. Gerou ignored
12. Gerou must have announced the bail as an order and before the claimant could rebut or question, Gerou fled from the bench which resulted in Claimants Being transported to Wayne County Jail.

This excessive bail was cruel and unusual punishment and violated the Eighth Amendment (Stack v. Boyle, 342 U.S. 1 (1951)).

13. Gerou was not upholding judicial conduct in the courtroom, as he was biased, prejudiced, assisting the plaintiff (CPD) and more.

14. As a result of the unlawful detention and false imprisonment, Claimant was subjected to assault and battery by Respondent McNulty, Gerou, and CPD, who made non-consensual physical contact during the arrest and unlawful imprisonment.

15. Claimant Was detained without proper cause and denied the right to due process by ALL Respondents, resulting in emotional distress, loss of liberty, and deprivation of her ability to travel freely, as protected under the Constitution and international treaties.

16. The imposition of excessive bail without cause was a violation of Claimant's constitutional rights, resulting in a deprivation of liberty and cruel and unusual punishment under the Eighth Amendment. (Stack v. Boyle, 342 U.S. 1 (1951)).

17. The imposition of excessive bail without cause was a violation of Claimant's constitutional rights, resulting in a deprivation of liberty and cruel and unusual punishment under the Eighth Amendment.

18. On 11/06/2024, when coming under special appearance, to address the jurisdiction and due process of the court and plaintiff. Plakas like Gerou made an assertion that I was a sovereign citizen, as the Claimant rebutted the blasphemy.

19. On 11/06/2024, Claimant asked the Demopoulous to provide proof of jurisdiction and proof of service and certificate of service, Plakas stated that the Claimant was confused or misinformed, that no such thing exists. When such they do exist [MCR 2.104, MCR 2.105, Mich. Admin. Code R. 792.10110].

20. On 11/06/2024 in the courtroom, the judge specifically enforced procedural laws more strictly on Claimant (a person representing themselves) than on the prosecutor and completely exempt themselves and the prosecutor from the same requirements, raising a serious concern about bias and unequal treatment.

21. The Due Process Clauses of the 5th amendment and michigan constitution guarantee that all parties in a legal proceeding are treated fairly and equally. These strict rules on Claimant but also not requiring the Demopoulos the same treatment is denying Claimant's procedural due process. This imbalance can lead to an unfair trial, where the claimant is disadvantaged not by the law itself but why its inconsistent application

22. Plakas also assisting Demopoulos by acting as an accuser and providing a method of jurisdiction, allowing perjury from the Demopoulos, not requiring the him to state and produce receipt of proper service and execution of such has the appearance of partiality rather than remaining impartial

23. The Claimant Experienced severe emotional distress, including heart palpitations, crying, depression, and loss of work, due to the false arrest, unlawful imprisonment, and excessive bail

24. On 11/06/2024 Claimant a motion to dismiss to the court (EXHIBIT A), where I discussed the partiality, judicial misconduct,  the perjury, and lack of jurisdiction and constitutional violations.

25. On 11/11/2024 and 11/18/2024 McNulty  via email claimant saw a response from DEMOPOULOS detailing alleged errors in my motions, lack of procedural standards, attempting to establish jurisdiction while calling claimants motion frivolous and attempting to delay court proceeding all while trying request sanctions on claimant. (EXHIBIT B)

26. On 11/25/2024 Respondents received a response in opposition to respondents, where plaintiff failed to meet procedural standards, failure to demonstrate standing, lack of jurisdiction and improper service, lack of a valid cause of action, right to travel and supremacy of federal law, judicial bias and procedural fairness abuse of power and perjury, and claimant filing in good faith. (EXHIBIT C).

27. As of today the motion remains unanswered, by the respondents. No updates of dismissal as the courts plan to continue their partiality, misconduct, and abuse of process.

28. It is a FACT Notice was sent to head judge Gerou on or around 12/2/2024 (EXHIBIT D) where through his judicial powers has not corrected the matters involved in the matters.

29. It is a FACT that judicial bias, prejudice, misconduct and partiality was appearing within the court

30. It is a FACT that people of the court and of the state are restricting and interfering with claimants right to a fair trial

31. It is a FACT Gerou put a bond on my persons and Plakas agreed and continued the bond and tethering.

32. it is a FACT that when claimant asked why the Plakas refuse to specificity and clarify the law or fact that warranted such trespass

33. It is a FACT when claimant said this was a civil proceeding Plakas laughed and alluded it was not [ this started as a traffic tickets]

34. It is a Fact claimant called the inferior court on or around 12/13/2024 attempting to get answers on the status of the case, rather she needed to request a hearing or not, speaking with a supervisor named Jackie, who first informed me the records of the court did not reflect the letter received on 11/25/2024, after searching the "File", the last correspondence was found and was informed the judge had not seen it yet,

35. When asked why after almost a month of receipt why it was not entered, their excuse was "understaffing", but that same staff if someone doesn't respond to an attorney in time would have filed a default judgement or allowed an order to the opposing party, I found it convenient and disturbing.

36. It is a Fact on or around 12/18/2024 Claimant filed a "Request for Investigation" also sent to the Attorney General Commissioner, as well as a "Motion to Disqualify Plakas" due to his judicial misconduct.

WHEREAS the only injured party at this moment is the claimant who are being publicly threatened and harassed out of their liberties and freedoms.

WHEREAS claimant is being discriminated against by Respondent(s) for reasons still unknown, unsworn, not made available

WHEREAS James Plakas, Gerou, and Demopoulos seem to aid and abet the violations of claimants inalienable and unalienable rights. (innate, God given rights, authority, and jurisdiction).

WHEREAS The confusion comes here because these foreign entities are not accustomed to interacting with a private woman and;

WHEREAS to clarify claimants standing and authority, AhNice comes from the bloodline of the Battle family;

WHEREAS According to Genesis 1:26 " *Furthermore God said, "Let us make man in OUR image according to OUR likeness, and let them RULE over the fish of the sea, over the fowl of the heaven, and over the beasts, and over all the earth, and over everything that creepeth and moveth on the earth"*

WHEREAS According to Genesis 2:6 "*The Lord God also made the man of the dust of the ground, and breathed in his face the breath of life, and the man was a living soul."*

WHEREAS To be made in God's image; to be a child of God, directly means that I AM a God as declared by the holy scripture Psalms 82:6-8 "*I have said, Ye are Gods, and ye all are children of the most High. 7 But ye shall die as a man, and ye princes shall fall like others. 8 O God, arise, therefore judge thou the earth: for thou shalt inert all nations."*

WHEREAS confirmed again in John 10:34 "*Jesus answered them, It is not written in your Law, I said Ye are Gods?*

WHEREAS God made claimant in his image and has not granted any entity, or person, or people authority over my life, property or pursuance to happiness, upon this earth and if one is claiming to have the authority to do so, Respondents have failed to produce the receipt of such;

WHEREAS Claimant was discharged from her mother's waters, the moment she took her first breath she became the holy spirit in the flesh and blood, living soul

WHEREAS Claimant was given the title of Ah'Nice by her mother and is a member of the family in the Jubilee (Family of God)

WHEREAS Ah'Nice being a God in the flesh and blood is not the same as the tax liable AHNICE NEKOL ANDREA BATTLE; hereinafter "Estate" you are trying to commercially contract with;

WHEREAS the Estate Respondents are all trying to contract with is an incorporation/organization that the county registrar made on behalf of the STATE OF MICHIGAN registered on December 03, 1997, when the claimant entered this realm on November 18th, 1997, proving the duality of a fictitious entity overlapping claimants real identity.

WHEREAS The evidence shows that claimants mother nor father never gave her the name being that is an incorporation/organization/estate they did not create, that is tax liable

WHEREAS The evidence shows that the registrar issues the BIRTH CERTIFICATE (decedent) for and on behalf of the STATE.

WHEREAS The debt and claims to this person should be directed to the one who is liable for it, the issuer, THE STATE OF MICHIGAN.

WHEREAS If you are the maker, issuer you are legally deemed liable.

WHEREAS Claimant is not the creator of the Estate meaning Claimant is not the OWNER nor LIABLE.

WHEREAS Deuteronomy 15:6 "*For the Lord thy God hath blessed thee, as he hath promised thee: and thou shalt lend unto many nations, but thou thyself shalt not borrow, and thou shalt reign over many nations, and they shall not reign over thee.*


**Cause of Action**


### Count I: Violation of the Fourth Amendment (Unlawful Arrest and Detainment)

1. Respondent McNulty acted under color of state law by stopping, detaining, and arresting Claimant Without probable cause, violating Plaintiff's rights under the Fourth Amendment.

2. Duncan v. Louisiana, 391 U.S. 145 (1968), establishes that unlawful detainment constitutes a violation of the Fourth Amendment.

3. Claimant Was further deprived of her liberty due to the lack of subject-matter jurisdiction, which exacerbated the harm caused by Respondents.

4. The arrest and detention were unlawful and resulted in a violation of the Fourth Amendment's protection against unreasonable seizures.

5. Claimant Seeks compensatory and punitive damages for this violation.

### Count II: Violation of the Fifth Amendment (Due Process and Deprivation of Liberty)

1. Respondent Gerou and Plakas denied claim Due process by ignoring the lack of service, subject-matter jurisdiction and improperly speaking on behalf of the Claimant In court. This violated the Plaintiff's right to due process and right to a fair hearing under the Fifth Amendment.

2. The wrongful imposition of excessive bail further deprived Claimantof her liberty, as protected under the Fifth Amendment (Hamdi v. Rumsfeld, 542 U.S. 507 (2004)).

3. Claimant seeks damages for the deprivation of due process and liberty.

### Count III: Violation of the Eighth Amendment (Excessive Bail and Cruel and Unusual Punishment)

1. Respondent Gerou imposed excessive bail without proper consideration of the facts, violating Plaintiff's rights under the Eighth Amendment (Stack v. Boyle, 342 U.S. 1 (1951)).

2. Claimant Was subjected to unjust detention in Wayne County Jail as a result of this excessive bail.

3. Claimantseeks compensatory damages for this violation.

### Count IV: Battery (Against Officer McNulty )

1. Respondent McNulty committed battery by physically detaining and arresting Claimant against their will without lawful justification.

2. White v. City of Vassar, 403 N.W.2d 124 (Mich. App. 1987), established that physical force used in the absence of lawful authority constitutes assault and battery.

3. Claimant Seeks compensatory and punitive damages for assault and battery.

### Count V: Intentional Infliction of Emotional Distress (IIED)

1. Respondents McNulty, Plakas, Gerou, CPD, engaged in extreme and outrageous conduct, resulting in severe emotional distress to Plaintiff.

2. Roberts v. Auto-Owners Ins. Co., 374 N.W.2d 905 (Mich. 1985), holds that conduct which intentionally causes severe emotional distress constitutes intentional infliction of emotional distress.

3. Claimant suffered from heart palpitations, crying, anxiety attacks, depression, and loss of work, separation from her children due to Respondent s' actions.

4. Claimantseeks compensatory damages for emotional distress.

### Count VI: Abuse of Power and Trespass on Person

1. Respondents McNulty, Gerou, Plakas, Demopoulos abused their positions of authority to unlawfully detain and imprison Plaintiff, constituting a trespass on her person.

2. Ex Parte Young, 209 U.S. 123 (1908), holds that actions taken by state officials that violate constitutional rights constitute an abuse of power.

3. Claimant seeks damages for the abuse of power and trespass on her person.

**Count VII: Intentional Interference**

1. Claimant realleges and restates the foregoing jurisdictional and general allegations.
2. Prior to Respondents, acts of [complained of], Claimant was lawfully and peacefully enjoying her right to liberty and pursuit of happiness.
3. Respondents intentionally used their public position to interfere with claimants peaceful enjoyment of her private automobile "subject property" and freedoms without lawful justification.
4. Claimant is injured by emotional, psychological and financial stress.

Wherefore Claimants move the court to enter for compensation against Respondents jointly and severally together with such relief as the court may deem equitable and just under the circumstances.

**Prayer for Relief**

Wherefore, Claimantrespectfully requests that this Court grant the following relief:

1. Compensatory damages of $6,825,600 for the emotional distress, physical harm, and financial loss caused by the Respondent s' actions, including the damages to the vehicle that require replacement.
2. Punitive damages to deter future constitutional violations, including the suspension of all Respondents from their respective duties, mandatory reviews by their oversight bodies, and education or preventive training to ensure that these actions do not recur (Smith v. Wade, 461 U.S. 30 (1983), allowing punitive damages in § 1983 cases).
3. Injunctive relief, including:
   Immediate removal of the tether imposed on Claimant As a result of the 10/15/2024 hearing, as there is no legal basis for such a requirement.
   A stay of the state proceedings pending this federal litigation.
   A permanent injunction preventing Respondents and their respective departments from further harassment, threats, trespass, or unlawful arrest of Claimantor others exercising their constitutional rights.
4. Declaratory relief, declaring that the actions of Respondent s violated Plaintiff's constitutional rights and that their departments failed in their duty to uphold the law, and that Plaintiff's right to travel freely without undue interference is constitutionally protected, as recognized in Shapiro v. Thompson, 394 U.S. 618 (1969), and subsequent case law. This declaration should affirm the illegality of Respondents' conduct and ensure that future violations of these rights by state officials are prevented.
5. Declare public roads are meant for the people use, and claimants have rights to travel freely

5. Any other relief the Court deems just and proper.

I say here and will verify in open court that all herein be true.

*By BattleAhNice*

**By:** Battle, AhNice 18, December 2024
85 Russell Court Ypsilanti, Michigan 48198

AFFIDAVIT IN SUPPORT OF CLAIM

I hereby affirm under oath that:

1. I have read the claim and know the contents to be true
2. The facts stated in the claim are accurate and based on my personal knowledge
3. I am aware that providing false information or making false statements under oath is punishable by law.
4. The claim is made in good faith, honor, and righteousness in respects to the law of the land and laws of God.
5.

I make this certification/affirmation under the penalties of perjury.

I say here and will verify in open court that all herein be true.

By: Battle, AhNice 18, December 2024

The Battle Court presents Notice of court rules:

## VERIFICATIONS

**Firstly:** i, a woman, declare and require all documents including recommendations and orders being placed into the case to be verified in open court under oath or affirmation. All documents submitted without verification by the court will take notice as contempt of court and will be void. All documents filed through the Office of the court clerk must be time stamped.

**Secondly:** I say here and will verify in open court that all herein be true.

## SIGNATURES

**Firstly:** i, a woman, declare and require all documents including recommendations and orders being placed into the case file to have a fixed upon it a wet ink (blue ink) signature of its creator (NO RUBBER STAMPS) on all documents submitted. Documents without wet ink (blue ink) signature the court will take notice as a contempt of court and will be void.

## COMPENSATION

**Firstly:** i, a woman, declare that compensatory damages in the amount of $6,825,600 USD are due posthaste.

**Secondly:** the arrival of the sum for damages is based upon the belief that to charge by the rate of $1.00 United States Dollars per second of wrongdoing is fair and just.

**Fourthly:** to date approximately 79 days have passed. Since the beginning of the interference/trespass which prevents me from the enjoyment of my property physically and freedoms.

I say here and will verify in open court that all herein be true.

**By:** Battle, AhNice 18, December 2024

STATE OF MICHIGAN
IN THE 35TH DISTRICT COURT

CASE NO. 24C07221A OT

AhNice Nekol Andrea of the family Battle (Defendant)
38145 McDonald Dr.
Romulus, MI 48174

vs.

Township of Canton (Plaintiff)

MOTION TO DISMISS FOR LACK OF STANDING, LACK OF JURISDICTION, AND FAILURE
TO STATE A CLAIM

Defendant, AhNice Nekol Andrea of the family Battle, appearing sui juris, respectfully moves
this Court to dismiss the above-captioned case with prejudice pursuant to MCR 2.116(C)(4),
(C)(8), and (C)(10) based on the following grounds:

1. Lack of Standing
The Plaintiff, Township of Canton, lacks standing to pursue a case against the Defendant as
there is no injured party, no demonstrative harm, and no criminal act alleged. In accordance with
the principles established in Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992), a plaintiff must
demonstrate that they have suffered an injury-in-fact that is concrete and particularized. The
citation in this case does not constitute a valid claim against the Defendant, as it fails to
demonstrate any injury or harm.

If the Plaintiff contends otherwise, they must provide a clear explanation consistent with Friends
of the Earth, Inc. v. Laidlaw Environmental Services, 528 U.S. 167 (2000), which requires
evidence of a tangible injury to establish standing.

2. Lack of Jurisdiction
The Plaintiff has failed to demonstrate that this Court has proper jurisdiction over the Defendant.
It is a fundamental requirement that jurisdiction must be proven and cannot be assumed or
created by the Court. In Huntington National Bank v. Ristich, 292 Mich. App. 376 (2011), it was
established that proper service is a necessary condition for due process, and without it, the
court lacks jurisdiction.

During proceedings on November 6, 2024, the Defendant requested proof of service and a
certificate of service on the record. The Court's refusal to provide such proof violates MCL
600.1910 and MCR 2.104, which mandate that proper service must be documented. MCR
2.105(A) specifies that service must be conducted via registered, certified, or priority mail, none
of which has been fulfilled.

3. Failure to State a Claim

The Plaintiff's claim is insufficient and does not meet the requirements set forth in MCR 2.116(C)(8) for stating a claim upon which relief can be granted. The citation issued fails to establish any substantive cause of action or show any violation of law that results in injury or harm to the Plaintiff. Without a valid claim, there is no basis for the case to proceed.

4. Procedural Irregularities and Bias

The Defendant asserts that the Court exhibited bias and prejudicial conduct by:

- Allowing the Plaintiff to bypass procedural rules while holding the Defendant to strict adherence to MCL and MCR.

- Suggesting jurisdiction based on an assumption without proper evidence, as demonstrated when the judge stated, "Well, the traffic stop happened in Canton, is that why you brought it to Canton?" and subsequently asked the Plaintiff to agree, which is improper.

- Labeling the Defendant as a "sovereign citizen" and making unfounded assumptions regarding the Defendant's knowledge and study of the law, contrary to Canon 2 of the Michigan Code of Judicial Conduct, which requires impartiality and avoidance of bias.

5. Perjury and Abuse of Process

On November 6, 2024, the Plaintiff committed perjury when they initially denied being served until confronted by the Defendant. This false statement, unaddressed by the Court, further illustrates the lack of integrity in the proceedings.

6. Equitable Relief and Compensation

The Defendant seeks equitable relief in the form of:

- Dismissal of this case with prejudice.

- An order placing the Defendant on a "do not disturb or detain" list with local agencies to prevent future harassment.

- Compensation in the amount of $10,000 for the loss of wages, loss of property, and loss of time with family; costs of mailings; expenses incurred for traveling as a result of being deprived of the use of private property (automobile); harassment; threats; and time spent in jail due to this occurrence.

Conclusion

For the reasons stated above, the Defendant respectfully requests that this Court:

1. Dismiss this case with prejudice due to lack of standing, lack of jurisdiction, and failure to state a claim.

2. Grant the Defendant equitable relief as outlined.

3. Award compensation in the amount of $10,000 for the damages detailed above.

Respectfully submitted,

AhNice Nekol Andrea of the family Battle
Defendant, sui juris

Dated: November 8, 2024

*Exhibit 13*

# BENNETT & DEMOPOULOS, PLLC

Counselors at Law
217 West Ann Arbor Road
Suite 302
Plymouth, Michigan 48170

GREGORY D. DEMOPOULOS
gdemopesq@aol.com

TEL: (734) 453-7877
FAX: (734) 453-1108

BennettandDemopoulos.com
Zoom No. 614-831-7764

November 14, 2024

## VIA FACSIMILE: (734) 453-9303

Clerk of the Court
35th District Court
660 Plymouth Rd
Plymouth, MI 48170

> Re:   People of Canton Township v Ahnice Nekol Andrea Battle
>        Case No's. 24C4016, 24C07421, 24C07221, 24C10020

Dear Clerk:

Enclosed for filing in your usual manner please find Plaintiff's Response to Defendant's Motions Dated November 8, 2024, Proof of Service stamped thereon.

Thank you for your time and attention to this matter.

Very truly yours,

Gregory D. Demopoulos

GDD/jm
Encl.

cc: Ahnice Nekol Andrea Battle (via Email)

## STATE OF MICHIGAN

## IN THE 35TH DISTRICT COURT

CHARTER TOWNSHIP OF CANTON,

        Plaintiff,

-vs-

                                       Case No's 24C4016,24C07421,
                                       24C07221, 24C10020
                                       Hon. James A. Plakas

AHNICE NEKOL ANDREA BATTLE,

        Defendant.

_____/

BENNETT & DEMOPOULOS PLLC
GREGORY D. DEMOPOULOS (P41622)
Attorney for Plaintiff
217 Ann Arbor Road W., Ste. 302
Plymouth, Michigan 48170
(734) 453-7877
gdemopesq@aol.com

AHNICE NEKOL ANDREA BATTLE
Defendant In Pro Per
38145 McDonald Dr.
Romulus, Michigan 48174
(313) 231- 0453
aneyakahauhuwaduh@gmail.com
_____/

## PLAINITFF'S RESPONSE TO DEFENDANT'S MOTIONS DATED NOVEMBER 8, 2024

Plaintiff states:

1.     Defendant's motions should be stricken for failure to comply with MCR 2.119(A) (which is applicable in this case pursuant to MCR 6.001(D)), which provides in pertinent part:

(1) An application to the court for an order in a pending action must be by

motion. Unless made during a hearing or trial, a motion must

(a) be in writing,

(b) state with particularity the grounds and authority on which it is based,

(c) state the relief or order sought, and

(d) be signed by the party or attorney as provided in MCR 2.114.

(2) A motion or response to a motion that presents an issue of law must be

accompanied by a brief citing the authority on which it is based.

Defendant's motions fail to state any applicable Michigan statute, court rule, or case law to support its unspecified arguments.

2.      To the extent that Defendant argues that the statute of which she is charged with violating is unconstitutional, Defendant bears the burden of proving such.  "The party challenging the constitutionality of a statute bears the burden of proving that the law is unconstitutional. [The Michigan Supreme Court] is responsible for upholding both the Michigan and federal constitutions, and [its] authority to invalidate laws is limited and must be predicated on a clearly apparent demonstration of unconstitutionality.  Moreover, laws are presumed constitutional, and this Court must construe a statute as constitutional unless its unconstitutionality is clearly apparent." *People v Harris*, 495 Mich 120, 134; 845 NW2d 477 (2014) (citations omitted).  Defendant has failed to put forth any appropriate argument as to why the statute at issue is unconstitutional.

3.      Defendant has failed to adequately argue her legal position.  A party may not merely announce its position and leave it to the court to discover and rationalize the basis for its claims, *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998), "nor may he give issues cursory treatment with little or no citation of supporting authority." *Houghton v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003).  Defendant has done precisely this in his argument, and his argument thus should be summarily rejected.

4.      To the extent that Defendant argues that Plaintiff has no jurisdiction to prosecute misdemeanor offenses committed within Plaintiff's boundaries, Defendant is incorrect.  Townships have existed as an official system of local government in Michigan since Congress passed the Northwest Ordinance of 1787.  Township form of government was most recently reaffirmed under the Michigan Constitution of 1963.  The foundation for the structure and authority of townships is set in Mich Const 1963, art 7, §17, art 7, §18, and art 7, §34, which state:

Sec. 17. Each organized township shall be a body corporate with powers and immunities provided by law.

Sec. 18. In each organized township there shall be elected for terms of not less than two nor more than four years as prescribed by law a supervisor, a clerk, a treasurer, and not to exceed four trustees, whose legislative and administrative powers and duties shall be provided by law.

Sec. 34. The provisions of this constitution and law concerning counties, townships, cities and villages shall be liberally construed in their favor. Powers granted to counties and townships by this constitution and by law shall include those fairly implied and not prohibited by this constitution.

Both the general Michigan township laws (MCL 41.1b *et seq.*) and the Charter Township Act (MCL 42.1 *et seq.*) provide that a township may provide for misdemeanor violations and law enforcement services. MCL 41.181, .411 et seq., 42.12., 42.15 and 42.21. Specifically, a township may adopt by reference the Michigan Vehicle Code, MCL 257.1–.923. MCL 41.184(4). The Charter Township of Plymouth has adopted the Michigan Vehicle Code. Charter Township of Plymouth Ordinance VIII 1.01.

5.     To the extent that Defendant argues that she is not required to possess a valid operator's license to operate a vehicle upon a public highway, Defendant is clearly incorrect. MCL 257.904(1) provides that a person shall not operate a motor vehicle upon a public highway if that person's driver license has been suspended: "[a] person whose operator's or chauffeur's license or registration certificate has been suspended or revoked, whose application for license has been denied, or who has never applied for a license, shall not operate a motor vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of motor vehicles, within this state." Defendant's argument that he has the right to travel freely is an embarrassingly obvious red herring; Defendant can travel all she wants, but if she wants to operate a motor vehicle in Michigan on a highway, or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of motor vehicles, she must have a valid operator's license.

6.     To the extent that Defendant argues that this Court lacks the jurisdiction to hear the charge, Defendant is incorrect. A violation of an ordinance of a political subdivision that is a misdemeanor or that is not designated as a civil infraction must be prosecuted in the district court by the attorney for the political subdivision whose ordinance was violated. MCL 600.8313. "'Ordinance violation' means ... (i) A violation of an ordinance or charter of a city, village, township, or county that is punishable by imprisonment or a fine that is not a civil fine." MCL 761.1(j). District courts have jurisdiction over ordinance and charter violations and misdemeanors punishable by fines, imprisonment up to one year, or both. MCL 600.8311(a), (b).

7.     To the extent that Defendant argues that the uniform citation in this case is not
adequate as a charging document, Defendant is again incorrect.  A police officer can issue an
appearance ticket after arresting a person for an ordinance violation, in lieu of taking the
person to jail.  MCL 764.9c(1).  An "'appearance ticket" means a complaint or written notice
issued and subscribed by a police officer or other public servant authorized by law or ordinance
to issue it directing a designated person to appear in a designated local criminal court at a
designated future time in connection with his or her alleged commission of a designated
violation or violations of state law or local ordinance for which the maximum permissible penalty
does not exceed 93 days in jail or a fine, or both."  MCL 764.9f.  An appearance ticket can serve
as the formal complaint.  *City of Plymouth v McIntosh*, 291 Mich App 152; 804 NW2d 859
(2010).

8.     Defendant should be sanctioned for violation of MCR 1.106(E)5,6,7, which
provides:

> (5) Effect of Signature. The signature of a person filing a document, whether
> or not represented by an attorney, constitutes a certification by the signer
> that:
>
> (a) he or she has read the document;
>
> (b) to the best of his or her knowledge, information, and belief formed
> after reasonable inquiry, the document is well grounded in fact and is
> warranted by existing law or a good-faith argument for the extension,
> modification, or reversal of existing law; and
>
> (c) the document is not interposed for any improper purpose, such as to
> harass or to cause unnecessary delay or needless increase in the cost of
> litigation.
>
> (6) Sanctions for Violation. If a document is signed in violation of this rule,
> the court, on the motion of a party or on its own initiative, shall impose upon
> the person who signed it, a represented party, or both, an appropriate
> sanction, which may include an order to pay to the other party or parties the
> amount of the reasonable expenses incurred because of the filing of the
> document, including reasonable attorney fees. The court may not assess
> punitive damages.
>
> (7) Sanctions for Frivolous Claims and Defenses. In addition to sanctions
> under this rule, a party pleading a frivolous claim or defense is subject to
> costs as provided in MCR 2.625(A)(2). The court may not assess punitive
> damages.

MCR 1.106(E)5,6,7 does not excuse a party from the referenced certifications.  Defendant's
motion(s) are neither formed after reasonable inquiry, are not warranted by existing law, and

cannot be based upon any "good-faith" argument for the reversal of existing law.  MCR 1.106(E)6 provides that sanctions for violations of

MCR 1.106(E)are mandatory: "If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees."  Plaintiff in this case submits that sanctions in the form of reasonable attorney fees in the amount of one thousand dollars must be assessed against Defendant in favor of Plaintiff.

WHEREFORE, Plaintiff requests this Court to summarily deny Defendant's motion(s), award Plaintiff sanctions in the form of reasonable attorney fees in the amount of one thousand dollars ($1,000.00), and to award Plaintiff such other relief as this Court deems just and equitable.

Respectfully Submitted,

BENNETT & DEMOPOULOS PLLC

Dated: November 14, 2024

GREGORY D. DEMOPOULOS (P41622)
Attorney for Plaintiff
217 Ann Arbor Road W., Ste. 302
Plymouth, Michigan 48170
(734) 453-7877
gdemopesq@aol.com

**PROOF OF SERVICE**

The undersigned certifies that on November 14, 2024, she served a copy of the foregoing document upon all counsel of record, via:

_X_ First Class Mail      ____ Hand Delivery
____ Facsimile            ____ Overnight Courier
_X_ Email                 ___ MiFile

/s/ Jessica M. Moody

Jessica M. Moody

STATE OF MICHIGAN
IN THE 35TH DISTRICT COURT

CASE NO.

AhNice Nekol Andrea: of the family Battle, living soul (Defendant)
38145 McDonald Dr.
Romulus, MI 48174
vs.
Township of Canton (Plaintiff)

**Defendant's Response in Opposition to Plaintiff's Motions Dated 11/11/2024 and 11/14/2024**

**Introduction**
The Defendant respectfully opposes the Plaintiff's motions to strike and requests for sanctions. Plaintiff's assertions that Defendant violated MCR 2.119(A) and MCR 6.001(D) are unsupported, as the Plaintiff has failed to clearly identify or substantiate any specific violations. The Defendant's motions were filed in good faith, properly signed, and grounded in both law and fact. Furthermore, the Plaintiff has not complied with Michigan Court Rules (MCR) by failing to provide a proper brief to substantiate their claims, rendering their requests for sanctions unwarranted and frivolous.

## 1. Plaintiff Fails to Meet Procedural Standards

The Plaintiff has not sufficiently demonstrated how the Defendant's filings violate MCR 2.119(A) or MCR 6.001(D). Defendant's motion was submitted in compliance with MCR, including:

1. Stating the grounds for relief sought.
2. Clearly articulating the factual and legal basis for the claims.
3. Properly signing the motion in accordance with MCR 2.114(D).

The Plaintiff's motions to strike are not accompanied by the required legal brief to substantiate their claims, in direct violation of MCR requirements. Plaintiff's failure to meet their own procedural obligations while accusing the Defendant of similar deficiencies is an abuse of process and undermines their position.

## 2. Plaintiff's Failure to Demonstrate Standing

The Plaintiff, Township of Canton, lacks standing to pursue its claims as there is no injury-in-fact or demonstrable harm alleged, consistent with the principles established in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), and *Friends of the Earth, Inc. v. Laidlaw Environmental Services*, 528 U.S. 167 (2000). The citation issued does not constitute a valid claim, as it fails to establish any tangible injury.

### 3. Lack of Jurisdiction and Improper Service

Defendant challenges the court's jurisdiction based on improper service. Jurisdiction cannot be assumed or created without meeting procedural and due process requirements, as established in *Huntington National Bank v. Ristich*, 292 Mich. App. 376 (2011). Defendant requested proof of service on November 6, 2024, which the Plaintiff failed to provide. The Plaintiff's reliance on first-class mail and email violates MCR 2.105(A), which requires service via registered, certified, or priority mail.

The court's refusal to address these service deficiencies undermines due process and invalidates jurisdiction. Procedural due process is a fundamental right that must be preserved in all proceedings, as reinforced in *Pennoyer v. Neff*, 95 U.S. 714 (1878), and *People v. Carpentier*, 446 Mich. 19 (1994).

### 4. Plaintiff Has Not Stated a Valid Cause of Action

In Michigan, a traffic citation is not a valid cause of action in the context of court proceedings. Per MCR 2.111(B)(1), a complaint must include specific facts that inform the opposing party of the nature of the claims. Plaintiff has failed to meet this standard, as outlined in *Gurliacci v. Mayer*, 590 A.2d 914. Defendant's motion appropriately challenges the sufficiency of the Plaintiff's claims and the lack of demonstrable harm.

### 5. Right to Travel and Supremacy of Federal Law

Defendant asserts the fundamental right to travel, a constitutionally protected liberty under the 4th and 5th Amendments. Michigan's Constitution aligns with and reinforces these federal protections, recognizing the importance of liberty, including the right to travel. Specifically, the Michigan Constitution, made decades after the introduction of automobiles, acknowledges the evolving means of travel and implicitly protects the right to travel by automobile under its broader liberties and freedoms clause. This aligns with the 5th Amendment's protection of life, liberty, and property.

Under the Supremacy Clause of the U.S. Constitution, Article VI, Clause 2, and *People v. Llewellyn*, conflicting state laws must yield to federal law. Plaintiff's reliance on Michigan motor vehicle laws to restrict Defendant's right to travel conflicts with both federal and state constitutional protections.

The right to travel is further supported by the Universal Declaration of Human Rights, Article 13, and the common law, which protect freedom of movement without interference. Michigan motor vehicle laws cannot restrict this fundamental liberty, as neither the Michigan Constitution nor the U.S. Constitution require a license to exercise the right to travel.

### 6. Judicial Bias and Procedural Fairness

The Defendant has faced bias and prejudicial conduct throughout these proceedings, including:

1. The court's unequal enforcement of procedural rules, holding Defendant to a higher standard than the Plaintiff.
2. Improper judicial conduct during the November 6, 2024 proceedings, where the judge acted as an accuser rather than a neutral arbiter. Specifically, the judge posed questions and answered on behalf of the Plaintiff, aiding the Plaintiff in responding to the Defendant's arguments. Such actions demonstrate clear partiality and violate judicial conduct standards, including Canon 3(A)(4) of the Michigan Code of Judicial Conduct, which requires judges to avoid advocacy for any party.

Supporting case law:

- *Liteky v. United States*, 510 U.S. 540, 555 (1994): A judge who actively participates in or advocates for one side compromises the fairness of the trial.
- *In re Murchison*, 349 U.S. 133, 136 (1955): Fairness requires the absence of actual bias or the perception of partiality.
- *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868 (2009): Even the appearance of bias undermines the public's confidence in the judiciary.
3. The judge suggested jurisdiction based on an assumption rather than evidence, asking, "Well, the traffic stop happened in Canton, is that why you brought it to this court?" and then affirming the Plaintiff's position without proper proof. Judicial neutrality is essential, and such actions violate the requirement for impartial adjudication.

These actions undermine the integrity of the proceedings and violate the Defendant's due process rights.

## 7. Abuse of Process and Perjury

The Plaintiff's actions constitute an abuse of process and include perjury. On November 6, 2024, Plaintiff falsely denied being served, a material misrepresentation that affects jurisdiction. Per MCL 750.423 (Perjury), knowingly making false statements under oath undermines the integrity of the judicial process.

Supporting case law:

- *People v. Lively*, 470 Mich. 248 (2004): Perjury must be addressed to maintain the rule of law.
- *Bonner v. Chicago Title Ins. Co.*, 194 Mich. App. 462 (1992): Abuse of process occurs when legal proceedings are manipulated for ulterior motives.

## 8. Defendant's Motion Was Filed in Good Faith

Contrary to Plaintiff's allegations, Defendant's motion was filed in good faith and based on valid legal arguments. Plaintiff's request for sanctions lacks merit, as they have failed to demonstrate that Defendant's actions were frivolous, harassing, or intended to cause unnecessary delay.

Defendant's motion sought dismissal based on constitutional and procedural violations, and any deficiencies in the motion are minor and unintentional.

**Conclusion** Defendant respectfully requests that the Court:

1. Deny Plaintiff's motions to strike dated 11/11/2024 and 11/14/2024.
2. Deny Plaintiff's request for sanctions as unsupported and without merit.
3. Dismiss the Plaintiff's case due to lack of standing, improper service, and failure to state a claim.

Respectfully submitted,


AhNice Nekol Andrea: of the family Battle
**Defendant, Living Soul**
Dated: 11/18/2024

                              Proof of Service
1. Defendant's Response in Opposition to Plaintiff's Motions Dated 11/11/2024 and 11/14/2024
2. Supporting Brief in Opposition to Plaintiff's Motions Dated 11/11/2024 and 11/14/2024
3. Proposed Oder

Method of Service
I, AhNice Nekol Andrea: of the Battle family, certify that on _____, I served the above-listed documents to the following parties via priority mail:

Plaintiff's Attorney:
Gregory Demopoulus
Bennett & Demopoulus PLLC
217 W Ann Arbor Road, Suite 302
Plymouth, Mi 48170
gdemopesq@aol.com
Certification of Service:

I declare that the above information is true and correct to the best of my knowledge. I understand that providing false information on this document is subject to penalties under Michigan law.


Respectfully submitted,


AhNice Nekol Andrea
**Defendant, Living Soul**
Dated: 11/18/2024

STATE OF MICHIGAN
IN THE 35TH DISTRICT COURT

CASE NO.

AhNice Nekol Andrea: of the family Battle, living soul (Defendant)
38145 McDonald Dr.
Romulus, MI 48174
vs.
Township of Canton (Plaintiff)

**Supporting Brief in Opposition to Plaintiff's Motions Dated 11/11/2024 and 11/14/2024**

**Introduction** Defendant submits this supporting brief in compliance with the Michigan Court Rules (MCR) to oppose Plaintiff's motions dated 11/11/2024 and 11/14/2024. The Plaintiff has alleged procedural violations without adequately substantiating their claims, and the Defendant asserts that the Plaintiff's motions to strike and for sanctions lack legal and factual basis. Defendant's motions were filed in compliance with MCR, based on good faith, valid points of law, and constitutional protections.

## Statement of Facts

1. The Plaintiff, Township of Canton, filed motions alleging violations of MCR 2.119(A) and MCR 6.001(D), yet failed to specify how the Defendant violated these rules.
2. Defendant filed motions that included stated grounds for relief, points of law, and supporting facts in accordance with MCR.
3. During proceedings on November 6, 2024, the court demonstrated bias, acted as an advocate for the Plaintiff, and failed to adhere to procedural neutrality.
4. Plaintiff has not demonstrated standing, proper service, or a valid cause of action in its filings, as required by Michigan law and court rules.

## Points of Law

### I. Defendant's Motion Complies with Michigan Court Rules

Under MCR 2.119(A), a motion must:

1. State the grounds upon which it is based.
2. Be signed in compliance with MCR 2.114.
3. Be accompanied by a brief if it raises issues of law.

Defendant's motion complies with all these requirements:

- The motion stated the grounds for dismissal based on lack of jurisdiction, standing, and procedural deficiencies.

- The motion was signed in compliance with MCR 2.114.
- The motion raised points of law and included supporting facts and governing authority.

Plaintiff's motions to strike fail to demonstrate any specific violation of these rules, making their assertions insufficient under MCR 2.111(B)(1).

### II. Plaintiff Lacks Standing to Bring This Action

To have standing, a plaintiff must demonstrate an injury-in-fact that is concrete, particularized, and traceable to the Defendant's actions (*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 1992). Plaintiff has failed to meet this standard. The traffic citation issued does not demonstrate any tangible injury or harm to the Plaintiff or the public. Moreover, the absence of any evidence supporting injury-in-fact renders Plaintiff's claim invalid under *Friends of the Earth, Inc. v. Laidlaw Environmental Services*, 528 U.S. 167 (2000).

### III. Plaintiff Failed to Properly Serve Defendant

Proper service is a fundamental component of due process under both federal and state law. MCR 2.105(A) requires service to be conducted via registered, certified, or priority mail. Plaintiff did not comply with these requirements, instead relying on email and first-class mail, which do not satisfy the rule.

Failure to properly serve the Defendant deprives the court of jurisdiction. See:

- *Huntington National Bank v. Ristich*, 292 Mich. App. 376 (2011): Proper service is a condition for due process and jurisdiction.
- *Pennoyer v. Neff*, 95 U.S. 714 (1878): Jurisdiction requires compliance with due process.
- *People v. Carpentier*, 446 Mich. 19 (1994): Procedural due process violations invalidate judicial actions.

The Plaintiff's failure to provide proof of service further violates MCR 2.104, which mandates documentation of service.

### IV. Traffic Citations Do Not Constitute a Valid Cause of Action

Under Michigan law, a valid cause of action must include a clear statement of facts establishing legal grounds for the claim (MCR 2.111(B)(1)). A traffic citation is a formal accusation of a traffic violation but does not constitute a cause of action in civil litigation. See:

- *Gurliacci v. Mayer*, 590 A.2d 914: A valid cause of action must demonstrate facts leading to unlawful injury and entitlement to relief.

Plaintiff's reliance on a traffic citation as the sole basis for its claim fails to meet this standard and does not provide a sufficient factual or legal foundation.

### V. Right to Travel is Constitutionally Protected

Defendant asserts the fundamental right to travel as protected by the 4th and 5th Amendments, the Michigan Constitution, and federal case law. The Michigan Constitution, made decades after the introduction of automobiles, inherently recognizes and protects the right to travel by automobile as part of broader liberties. This right is not contingent on obtaining a state-issued license or adhering to motor vehicle laws that conflict with constitutional protections.

The Supremacy Clause of the U.S. Constitution (Article VI, Clause 2) requires that federal law override conflicting state laws. See:

- *People v. Llewellyn*, 401 Mich. 314 (1977): State laws that conflict with federal constitutional protections must yield.
- *United States v. Guest*, 383 U.S. 745 (1966): The right to travel is a fundamental liberty protected by the Constitution.

The Plaintiff's reliance on motor vehicle laws infringes upon this right, violating both the Michigan and U.S. Constitutions.

## VI. Judicial Bias Undermines the Integrity of Proceedings

Judicial impartiality is a cornerstone of due process. During the November 6, 2024 proceedings, the judge demonstrated bias by:

1. Acting as the Defendant's accuser by asking and answering questions on behalf of the Plaintiff.
2. Assisting the Plaintiff in formulating responses.

This conduct violates Canon 3(A)(4) of the Michigan Code of Judicial Conduct, which prohibits judges from acting as advocates. Supporting case law includes:

- *Liteky v. United States*, 510 U.S. 540, 555 (1994): A judge who actively participates in or advocates for one side compromises the fairness of the trial.
- *In re Murchison*, 349 U.S. 133, 136 (1955): Fairness requires the absence of actual bias or the perception of partiality.
- *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868 (2009): Even the appearance of bias undermines the public's confidence in the judiciary.
3. The judge suggested jurisdiction based on an assumption rather than evidence, asking, "Well, the traffic stop happened in Canton, is that why you brought it to this court?" and then affirming the Plaintiff's position without proper proof. Judicial neutrality is essential, and such actions violate the requirement for impartial adjudication.

These actions undermine the integrity of the proceedings and violate the Defendant's due process rights.

## VII. Abuse of Process and Perjury

The Plaintiff's actions constitute an abuse of process and include perjury. On November 6, 2024, Plaintiff falsely denied being served, a material misrepresentation that affects jurisdiction. Per MCL 750.423 (Perjury), knowingly making false statements under oath undermines the integrity of the judicial process.

Supporting case law:

- *People v. Lively*, 470 Mich. 248 (2004): Perjury must be addressed to maintain the rule of law.
- *Bonner v. Chicago Title Ins. Co.*, 194 Mich. App. 462 (1992): Abuse of process occurs when legal proceedings are manipulated for ulterior motives.

## Conclusion

For the reasons set forth in these points of law, Defendant respectfully requests that the Court:

1. Deny Plaintiff's motions to strike dated 11/11/2024 and 11/14/2024.
2. Deny Plaintiff's request for sanctions as unsupported and without merit.
3. Dismiss the Plaintiff's case due to lack of standing, improper service, and failure to state a claim.

Respectfully submitted,


AhNice Nekol Andrea
**Defendant, Living Soul**
Dated: 11/18/2024

Exhibit D

A.N.A. Battle El
% AHNICE BATTLE ESTATE
38145 McDonald Drive
Romulus, MI 47174
Aneyakahauhuwaduh@gmail.com
313-231-0453


The Honorable



Re: Status Declaration and Request for Equitable Relief
Case Number(s):


Dear Honorable

I, A.N.A. Battle El, a Sovereign and Divine Being of the Ancient Moabites/Muurs, hereby address this court in my full capacity as a living soul, under the authority of Nature's Law, Divine Law, and all universal laws, affirming my rightful status and recognition as a direct descendant of the ancient Moabites/Muurs. This declaration is made in full understanding of my ancestral heritage and sovereign rights.

I do not accept nor acknowledge any role as Surety or otherwise liable for the legal entity or presumed legal fictions associated with the name AHNICE NEKOL ANDREA BATTLE. I stand in my full capacity under the governing authority of Nature's Laws, Divine Laws, and universal principles, and therefore, any presumption or assumption that I am bound by the legal entity is now and forever null and void.

As such, I formally request that this court, in its capacity as judicial administrator, immediately correct the matter and refrain from proceeding under any capacity that implicates me as Surety or assigns me liability under any legal fiction. Should the court fail to address and correct this matter within 10 days, I will be moved to pursue Equitable Subrogation to rectify the matter and seek the necessary equitable relief to ensure the protection of my sovereign rights.

Please be advised that any failure to address this request will lead to a challenge under the principles of equity, wherein I seek all relief afforded to me by law and equity. I urge this court to review this matter swiftly to avoid further unnecessary actions and to uphold the foundational principles of fairness and justice.

Equitable Case Law and Judicial Codes Supporting Relief:

1.    Equitable Subrogation:

The principle of equitable subrogation permits a party to assume the rights and remedies of another in order to ensure that justice is done. In the case of Aetna Casualty & Surety Co. v. Certain Underwriters at Lloyd's, 182 F.3d 624 (5th Cir. 1999), the court affirmed that a party may seek subrogation in equity if it is necessary to prevent unjust enrichment or to avoid a miscarriage of justice.

2.    Equity of Redemption:

Under the doctrine of equity of redemption, a party has the right to reclaim their rights and possessions without being penalized by unjust legal practices. In Jones v. Green, 148 U.S. 1 (1893), the court recognized the equity of redemption in a case where the debtor sought relief from a transaction involving unlawful practices.

3.    Universal Jurisdiction and Sovereign Rights:

Sovereigns retain the right to affirm their standing and status outside of the constructs of legal fictions created by the state, as articulated in the case of Ex Parte McCardle, 74 U.S. (7 Wall.) 506 (1868), which discussed the rights of individuals to assert their sovereignty and exemption from unwarranted legal processes.

4.    Judicial Codes:

•    Federal Rules of Civil Procedure, Rule 60(b): Allows for relief from a final judgment or order, including when new evidence surfaces or when the judgment is void.

•    UCC 9-609: Relates to the debtor's right to enforce their claims and to seek equitable remedies in cases involving secured transactions.

I hereby give notice that I intend to pursue this matter through all lawful and equitable means available, should the court fail to act. You have 10 days to correct this matter, as I have outlined above.

I trust that this court will take immediate steps to rectify the issue and ensure that all proceedings are in accordance with the lawful and rightful standing of my being.

Thank you for your attention to this matter.


Sincerely,
A.N.A. Battle El
Sovereign and Divine Being of the Ancient Moabites/Muurs

cc.
MI  Attorney General [Dana Nessel)
3030 W Grand Blvd #10200
Detroit, MI 48202
Sent Via Priority Mail Express No.

JS 44 (Rev. 03/24)      **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ah Nice Nekol-Andrea' of the Battle family | Alex McNulty |
| **(b)** County of Residence of First Listed Plaintiff *Washtenaw* <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant *Wayne* <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*      Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance <br> [ ] 120 Marine <br> [ ] 130 Miller Act <br> [ ] 140 Negotiable Instrument <br> [ ] 150 Recovery of Overpayment & Enforcement of Judgment <br> [ ] 151 Medicare Act <br> [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) <br> [ ] 153 Recovery of Overpayment of Veteran's Benefits <br> [ ] 160 Stockholders' Suits <br> [ ] 190 Other Contract <br> [ ] 195 Contract Product Liability <br> [ ] 196 Franchise | **PERSONAL INJURY** <br> [ ] 310 Airplane <br> [ ] 315 Airplane Product Liability <br> [ ] 320 Assault, Libel & Slander <br> [ ] 330 Federal Employers' Liability <br> [ ] 340 Marine <br> [ ] 345 Marine Product Liability <br> [ ] 350 Motor Vehicle <br> [ ] 355 Motor Vehicle Product Liability <br> [ ] 360 Other Personal Injury <br> [ ] 362 Personal Injury - Medical Malpractice <br><br> **PERSONAL INJURY** <br> [ ] 365 Personal Injury - Product Liability <br> [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability <br> [ ] 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> [ ] 370 Other Fraud <br> [ ] 371 Truth in Lending <br> [ ] 380 Other Personal Property Damage <br> [ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 <br> [ ] 690 Other <br><br> **LABOR** <br> [ ] 710 Fair Labor Standards Act <br> [ ] 720 Labor/Management Relations <br> [ ] 740 Railway Labor Act <br> [ ] 751 Family and Medical Leave Act <br> [ ] 790 Other Labor Litigation <br> [ ] 791 Employee Retirement Income Security Act | [ ] 422 Appeal 28 USC 158 <br> [ ] 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> [ ] 820 Copyrights <br> [ ] 830 Patent <br> [ ] 835 Patent - Abbreviated New Drug Application <br> [ ] 840 Trademark <br> [ ] 880 Defend Trade Secrets Act of 2016 <br> **SOCIAL SECURITY** <br> [ ] 861 HIA (1395ff) <br> [ ] 862 Black Lung (923) <br> [ ] 863 DIWC/DIWW (405(g)) <br> [ ] 864 SSID Title XVI <br> [ ] 865 RSI (405(g)) <br> **FEDERAL TAX SUITS** <br> [ ] 870 Taxes (U.S. Plaintiff or Defendant) <br> [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 375 False Claims Act <br> [ ] 376 Qui Tam (31 USC 3729(a)) <br> [ ] 400 State Reapportionment <br> [ ] 410 Antitrust <br> [ ] 430 Banks and Banking <br> [ ] 450 Commerce <br> [ ] 460 Deportation <br> [ ] 470 Racketeer Influenced and Corrupt Organizations <br> [ ] 480 Consumer Credit (15 USC 1681 or 1692) <br> [ ] 485 Telephone Consumer Protection Act <br> [ ] 490 Cable/Sat TV <br> [ ] 850 Securities/Commodities/ Exchange <br> [ ] 890 Other Statutory Actions <br> [ ] 891 Agricultural Acts <br> [ ] 893 Environmental Matters <br> [ ] 895 Freedom of Information Act <br> [ ] 896 Arbitration <br> [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision <br> [ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY** <br> [ ] 210 Land Condemnation <br> [ ] 220 Foreclosure <br> [ ] 230 Rent Lease & Ejectment <br> [ ] 240 Torts to Land <br> [ ] 245 Tort Product Liability <br> [ ] 290 All Other Real Property | **CIVIL RIGHTS** <br> [X] 440 Other Civil Rights <br> [ ] 441 Voting <br> [ ] 442 Employment <br> [ ] 443 Housing/ Accommodations <br> [ ] 445 Amer. w/Disabilities - Employment <br> [ ] 446 Amer. w/Disabilities - Other <br> [ ] 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> [ ] 463 Alien Detainee <br> [ ] 510 Motions to Vacate Sentence <br> [ ] 530 General <br> [ ] 535 Death Penalty <br> **Other:** <br> [ ] 540 Mandamus & Other <br> [ ] 550 Civil Rights <br> [ ] 555 Prison Condition <br> [ ] 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION** <br> [ ] 462 Naturalization Application <br> [ ] 465 Other Immigration Actions | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* 42 U.S.C. 1983
Brief description of cause: Deprivation- 4th, 5th, 8th amendment violation, Battery, trespass, IIED, Abuse of power under the color of law.

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 6,825,600
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

CIVIL COVER SHEET CONTINUED

1.(a) Plaintiff
Address: 85 Russell Court Ypsilanti, Michigan [48174]

Defendants

**Alex McNulty**
**1150 Canton Center Road**
**Canton, MI 48188**

**James A. Plakas**
**600 Plymouth Rd**
**Plymouth, MI 48170**

**Michael J. Gerou**
**600 Plymouth Rd**
**Plymouth, MI 48170**

**35th District Court**
**600 Plymouth Rd**
**Plymouth, MI 48170**

**Gregory D. Demopoulos**
**217 Ann Arbor Road, Suite 302**
**Plymouth, MI 48170**

**Canton Township Police Department**
**1150 Canton Center Road**
**Canton, MI 48188**

Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2022; All rights reserved.

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

U.S. MARSHAL

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

EP13F October 2023
OD: 12 1/2 x 9 1/2

PS10001000006

This package is made from post-consumer waste. Please recycle – again.

Package 2 of 3

PRESS FIRMLY TO SEAL

UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS®

FROM: (PLEASE PRINT)   PHONE ( 313 ) 231-0153
PriNce M.A. othe Battle Family
9685 Russell Court
Yppilanti, Michigan [48198]

TO: (PLEASE PRINT)   PHONE ( 313 ) 984-5000
United States District Court
231 W. Lafayette Blvd
Detroit, MI
48226

ZIP + 4® (U.S. ADDRESSES ONLY)
48226

PO ZIP Code
48198

Day of Delivery
198

Scheduled Delivery Date (MM/DD/YY)
12/27/24   $ 32.00

Postage
$ 32.00

Date Accepted (MM/DD/YY)
12-26-24

Time Accepted
205

Total Postage & Fees
$ 32.00



UNITED STATES POSTAL SERVICE

PME
YPSILANTI, MI 48197
DEC 26, 2024
$0.00
S2324M50396121

48226

RDC 07

EI 488 366 312 US